UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSHUN ROBINSON,

    Plaintiff,

v.                                                            Case No. 8:21-cv-308-KKM-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before me on referral are Defendant Commissioner's *Motion to Dismiss* (Doc. 20) and *pro se* Plaintiff Dushun Robinson's construed notice of voluntary dismissal (Doc. 26). For the reasons discussed below, I respectfully recommend that the Court dismiss this case without prejudice pursuant to Robinson's construed notice and deny the Commissioner's motion as moot.

I.

This action stems from an application for Supplemental Security Income (SSI) that Robinson submitted to the Social Security Administration (SSA) in August 2012.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

(Doc. 1). Roughly two years later, in October 2014, the SSA determined that Robinson was disabled as of the date of his application and was entitled to SSI back payments totaling approximately $5,000. (Docs. 1, 1-1). Because Robinson was in prison at the time, however, and because he remains there today, the SSA has yet to make those payments to him. *Id*. Believing the SSA erred in refusing to remit him these disability funds, all of which relate to the period prior to his incarceration, Robinson initiated this lawsuit against the Commissioner in February 2021, seeking to recover those monies. *Id.*

By way of her instant motion, the Commissioner now requests that Robinson's complaint be dismissed for lack of subject matter jurisdiction on the grounds that he failed to exhaust his administrative remedies. (Doc. 20). In support of this contention, the Commissioner represents that the SSA notified Robinson it could not disburse the back payments to him while he was in jail and instructed him to file an appeal within sixty days if he disagreed. (Doc. 20-1). The Commissioner further represents that when Robinson thereafter sought reconsideration of that decision, the SSA denied his request and advised him that he had sixty days to appeal and to seek a hearing before an ALJ. *Id.*

In response to the Commissioner's motion, Robinson initially filed what can fairly be viewed as a notice or motion for voluntary dismissal. (Doc. 26). Robinson acknowledged in this submission that he "neglected" to take one of the steps required

2

to "hav[e his] claim heard by the Commissioner before seeking [a] remedy" in federal court and added that he did not want "to further stall or delay" the Court. *Id.* Robinson did not otherwise address the merits of the Commissioner's motion, however, nor did he argue that he properly appealed the SSA's ruling. *Id.*

I conducted a hearing on the matter on January 25, 2022, in part, to ensure that Robinson truly intended to dismiss his suit. At the hearing, Robinson did not dispute that he failed to exhaust his administrative remedies and that the Court lacked jurisdiction over his case. In an abundance of caution, however, I directed Robinson to provide the Court with any additional argument he wished the Court to consider by February 4, 2022. (Doc. 28). Robinson subsequently filed a document entitled "Notice of Withdraw[al] of Claim," in which he confirmed his desire to voluntarily dismiss his complaint. (Doc. 30).

## II.

Federal Rule of Civil Procedure 41 allows a plaintiff to voluntarily dismiss an action without a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A plaintiff can ordinarily obtain a voluntarily dismissal even where a court has yet to determine whether it has subject matter jurisdiction to hear the dispute. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). This is so

because a voluntary dismissal is "self-executing" and thus does not call upon a court to exercise its jurisdiction in the first instance. *Id.*[2]

Here, the Commissioner has not served an answer to Robinson's complaint or filed a motion for summary judgment. Robinson's dismissal is therefore effective immediately. Fed. R. Civ. P. 41(a)(1)(A)(i). As such, I respectfully recommend that the Court dismiss this action pursuant to Robinson's notice and deny as moot the Commissioner's motion to dismiss. *Univ. of S. Ala.*, 168 F.3d at 409.

If the Court agrees with this resolution, it need not tackle the question of whether it lacks subject matter jurisdiction. *Id.* I dispose of that concern below only in the interest of completeness.

The Court's jurisdiction in social security cases is generally governed by 42 U.S.C. § 405. Under that provision, a claimant must satisfy two jurisdictional prerequisites to obtain judicial review of an SSA decision: he must present a claim for benefits to the Commissioner, *Mathews v. Eldridge*, 424 U.S. 319, 328–29 (1976), and he must exhaust his administrative remedies (unless exhaustion has been waived), *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). In order to meet the latter

---

[2] In *University of Alabama*, the Eleventh Circuit held that the district court should have decided the issue of subject matter jurisdiction before dismissing an action pursuant to a Rule 41(a)(1) notice of dismissal filed by the Attorney General of Alabama, who was not a party to the suit. 168 F.3d at 411. The Eleventh Circuit reasoned that the district court's error lay in the fact that its dismissal order necessarily determined the scope of the Attorney General's authority to seek such relief, which the Court deemed to be an "important and complicated question of state law," before confirming its own jurisdiction. *Id.* No such facts are present here.

requirement, a claimant must "proceed[ ] through all three stages of the administrative appeals process," including *de novo* reconsideration by the SSA of its initial determination, a hearing before an ALJ, and discretionary review by the Appeals Council. *Bowen v. City of New York*, 476 U.S. 467, 471–72, 482 (1986); *accord Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Only after a claimant has completed these steps is the Commissioner's determination considered to be a "final decision" subject to review in federal court. 20 C.F.R. § 416.1400(a)(5); *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam) (noting that judicial review exists only over "final decisions" of the Commissioner rendered at the conclusion of the administrative review process).

It is uncontested here that Robinson failed either to request a hearing before the ALJ or to secure a final order relative to the SSA's determination not to pay him his SSI benefits while he is incarcerated. Because Robinson did not exhaust his administrative remedies on this issue before filing his complaint, the Court lacks subject matter jurisdiction over this action under section 405(g).

### III.

For the foregoing reasons, I recommend that the Court:

1. Dismiss this action without prejudice pursuant to Robinson's construed notices of voluntary dismissal (Docs. 26, 30);

2. Deny as moot the Commissioner's *Motion to Dismiss* (Doc. 20); and

3. Direct the Clerk of Court to close this case.

Respectfully submitted this 10th day of February 2022.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn Kimball Mizelle, United States District Judge
Counsel of record
*Pro se* Plaintiff