UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSHUN ROBINSON,

      Plaintiff,

v.                                    Case No. 8:21-cv-308-KKM-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is *pro se* Plaintiff Dushun Robinson's second motion to reopen this case. (Doc. 39). For the reasons discussed below, I respectfully recommend that Robinson's motion be denied.

I.

The background of this matter is set forth in prior Orders of the Court (Docs. 31, 32, 35, 36), but bears repeating here with some supplementation. In August 2012, Robinson submitted an application for Supplemental Security Income (SSI) to the

---

[1] O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this action.

Social Security Administration (SSA). (Doc. 1). Roughly two years later, in October 2014, the SSA determined that Robinson was disabled as of the date of his application and was entitled to SSI back payments totaling approximately $5,000. (Docs. 1, 1-1). Because Robinson was in prison at the time, however, and because he remains there today, the SSA has yet to make any payments to him from that amount. *Id.* Believing the SSA erred in refusing to remit him these disability funds, all of which relate to the period prior to his incarceration, Robinson initiated this lawsuit against the Commissioner in February 2021, seeking to recover these monies. *Id.*

After being served with Robinson's complaint, the Commissioner moved to dismiss it on jurisdictional grounds, arguing that Robinson failed to exhaust his administrative remedies. (Doc. 20). In support of this contention, the Commissioner represented that the SSA notified Robinson in June 2018 that it could not disburse the back payments to him while he was in jail and that it instructed him to file an appeal within sixty days if he disagreed. (Doc. 20-1). The Commissioner further represented that when Robinson subsequently sought reconsideration of this decision, the SSA denied his request in September 2021 and advised him that he had sixty days to appeal and to seek a hearing before an Administrative Law Judge. *Id.*

In response to the Commissioner's motion to dismiss, Robinson filed a document that appeared to be a notice or motion for voluntary dismissal. (Doc. 26). Robinson acknowledged in this submission that he "neglected" to take one of the steps

2

required to "hav[e his] claim heard by the Commissioner before seeking [a] remedy" in federal court and added that he did not want "to further stall or delay" the Court. *Id.* Robinson did not otherwise address the merits of the Commissioner's motion, nor did he assert that he properly appealed the SSA's ruling. *Id.*

I conducted a hearing on the matter in January 2022, in part to ensure that Robinson truly intended to dismiss his suit. (Doc. 29). At that proceeding, Robinson did not dispute that he failed to exhaust his administrative remedies and that the Court lacked jurisdiction over the action. In an abundance of caution, however, I directed Robinson to supply the Court with any additional argument(s) he wished the Court to consider. (Doc. 28). Within a week, Robinson filed a "Notice of Withdraw[al] of Claim," in which he confirmed his desire to voluntarily dismiss his complaint and to file an appeal with the SSA. (Doc. 30).

As a result, in February 2022, I issued a Report and Recommendation (February 2022 R&R) recommending that the Court dismiss the action pursuant to Robinson's construed notices of voluntary dismissal, deny the Commissioner's motion to dismiss as moot, and direct the Clerk of Court to close the case. (Doc. 31). Alternatively, because it was uncontested that Robinson did not exhaust his administrative remedies before filing his complaint, I recommended that the Court find it lacked subject matter jurisdiction over the suit under 42 U.S.C. § 405(g). *Id.*

Robinson did not object to these recommendations, and the Court entered an Order in March 2022 adopting the February 2022 R&R in its entirety. (Doc. 32).

Well over a year later, Robinson filed a motion in which he seemingly asked the Court to re-open his case and to adjudicate his claims on the merits. (Doc. 33). To buttress this request, Robinson vaguely averred that although he "proceeded to [the] advised solution [sic]" that was purportedly "recommended" by the Court, the SSA had not yet responded to him. *Id.* Robinson included with his motion a letter he apparently sent to the SSA in February 2022 following the voluntary dismissal of his case, as well as a June 2022 notification from the SSA explaining that because Robinson submitted a reconsideration request regarding the SSA's September 2021 ruling outside the sixty-day appeal period, he was required to provide a letter demonstrating good cause for the delay. *Id.* at 3–4. Robinson additionally included with his motion his subsequent correspondence with the SSA, in which he attempted to establish good cause and also sought an update on the status of his claims. *Id.* at 6–14.

In January 2024, I issued a Report and Recommendation (January 2024 R&R) recommending that the Court deny Robinson's construed motion to reopen the case. (Doc. 35). Liberally interpreting Robinson's motion as implicating Federal Rule of Civil Procedure 60(b), I found that Robinson failed to show he did not dismiss his case of his own volition, that he did not timely seek relief, and that he did not demonstrate

4

"exceptional circumstances" justifying the reopening of the action. *Id.* Robinson did not timely object to the January 2024 R&R, and the Court adopted it in its entirety the next month. (Doc. 36).

The instant motion, filed almost six months later, followed. (Doc. 39). By way of this submission, Robinson now asks that the Court "withdraw" his prior voluntary dismissal, reopen his case, and order the SSA to award him SSI back payments totaling approximately $5,000. *Id.* As grounds for this relief, Robinson appears to allege that he only dismissed his lawsuit because he was "under extreme duress" due to his "mental conditions," and that his dismissal—along with his decision to file this action in the first place—stemmed from "bad advice" he received from a prior law clerk who was assisting him. *Id.* Robinson seemingly further avers that it would be "manifest[ly]" unjust if he were not awarded the requested relief, and that the Court should "relax" the "procedural rules" and the "exhaustion requirement." *Id.* Robinson also suggests that he already exhausted his administrative remedies, either by timely appealing the SSA's unfavorable decision in June 2018 or by later showing "good cause" for an untimely appeal. *Id.* Robinson attempts to bolster his motion by attaching correspondence between himself and the SSA, as well as documents related to this litigation and a case he appears to have previously filed in Florida state court. *See* (Docs. 39-1–39-28).

5

In response to Robinson's motion, the Commissioner argues that Robinson's filing is untimely and that he has not exhausted his administrative remedies. (Doc. 42). Robinson filed an unauthorized reply to the Commissioner's response, in which he reiterates that he timely filed an appeal, that he has "withdrawn" his voluntary dismissal, and that his mental impairments constitute "exceptional circumstances" justifying the reopening of his case. *See* (Doc. 43); *see also* M.D. Fla. R. 3.01(d) ("Except for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave.").

## II.

## A.

Federal Rule of Civil Procedure 41(a)(1) provides, in relevant part, that a plaintiff may voluntarily dismiss an action without a court order "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A voluntary dismissal under Rule 41(a)(1) is "self-executing," *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999), and immediately deprives the court of jurisdiction over the merits of the case, *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (citation omitted).

Nonetheless, "it is broadly accepted that courts retain jurisdiction to consider motions to reopen the judgment under Rule 60(b) after a Rule 41(a)(1) dismissal."

6

*Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1328 (11th Cir. 2017) (Anderson, J., concurring) (citation omitted); *see also Mansour v. Mansour*, 2020 WL 9549529, at *4 (S.D. Fla. May 27, 2020) (explaining that the court was "not foreclosed from considering whether [the d]efendants' conduct in procuring the voluntary dismissal [fell] within the purview of Rule 60(b)"). Rule 60(b) is an "equitable vehicle," *Cano v. Baker*, 435 F.3d 1337, 1339 (11th Cir. 2006) (per curiam), that sets forth the reasons "under which a party may obtain relief from a final judgment," *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). These reasons include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud[,] misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied[.]" Fed. R. Civ. P. 60(b)(1)–(5).

In addition to these circumstances, Rule 60(b)(6) authorizes a court to vacate a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Characterized as a "catchall provision," *Jeffus v. Ray*, 377 F. App'x 963, 965 (11th Cir. 2010) (per curiam),[2] Rule 60(b)(6) only applies when the other five enumerated reasons are "inapplicable," *Kemp v. United States*, 596 U.S. 528, 533 (2022), and "exceptional

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

circumstances" are shown to exist, *Griffin*, 722 F.2d at 680 (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

Independent of the above requirements, Rule 60(c) imposes deadlines on all Rule 60(b) motions regardless of the subsection upon which they are based.  *See* Fed. R. Civ. P. 60(c)(1).  In particular, all such motions must be filed within a "reasonable time."  *Id.*; *see also Kemp*, 596 U.S. at 531.  In the case of motions brought pursuant to subsections (1), (2), or (3), Rule 60(c) defines a "reasonable time" to be no more than a year after the entry of the judgment or order at issue.  *Kemp*, 596 U.S. at 531 (quoting Fed. R. Civ. P. 60(c)(1)).  For the remaining subsections, including Rule 60(b)(6), a court must determine what constitutes a "reasonable time" by evaluating "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner."  *United States v. Harrison*, 809 F. App'x 635, 636 (11th Cir. 2020) (per curiam) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008)).

## B.

With these principles in mind, I proceed to the merits of Robinson's motion, which I liberally construe as being brought pursuant to Rules 60(b)(1) and 60(b)(6).  *See Albert v. Ameris Bank*, 517 F. App'x 900, 903–04, n.4 (11th Cir. 2013) (per curiam) (interpreting a *pro se* plaintiff's motion to reopen claims he had voluntarily dismissed as a Rule 60(b) motion because it "sought Rule 60(b) relief in substance" even though

it did not reference the rule). I will address the applicability of each of these provisions in turn.

As noted above, Rule 60(b)(1) permits a court to vacate a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). While this rule encompasses mistakes attributable to both fact and law, *Kemp*, 596 U.S. at 534, it is of no help to Robinson in this case.

To start, Robinson has not sought relief within the one-year deadline for raising one of the listed grounds in Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1). This infirmity alone is fatal to any claim he might make under this provision. *Kemp*, 596 U.S. at 533.

Any effort by Robinson to rely on Rule 60(b)(1) is flawed in another respect as well. Although Robinson asserts he suffers from mental impairments (Doc. 39 at 4), he fails to demonstrate that he did not dismiss his case of his own volition. To the contrary, Robinson still admits that he filed this action and then voluntarily dismissed it on his own accord. *Id.* at 3–4. These representations are consistent with those Robinson previously made in his response to the Commissioner's motion to dismiss. *See, e.g.*, (Doc. 26) (acknowledging that he "neglected a step in [the] procedure"); (Doc. 30) (expressing his appreciation to the Court "for giving [him] extra time to finalize [his] decision to withdraw [his] claim"). Moreover, as detailed above, the Court afforded Robinson multiple opportunities to carry on with his lawsuit despite his

explicit statements that he sought to dismiss it.  Accordingly, there is no basis to reopen Robinson's case pursuant to Rule 60(b)(1).

As for Rule 60(b)(6), to prevail under this subsection, there must be "exceptional circumstances" that warrant the "extraordinary remedy" of relieving a movant of a final judgment.  *Griffin*, 722 F.2d at 680.  To cross this threshold, a movant must establish that "an 'extreme' and 'unexpected' hardship will result" absent such relief. *Id.*  (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

Viewing Robinson's instant motion charitably, he appears to contend—as referenced above—that it would be a "manifest injustice" not to allow him to proceed with his lawsuit because the SSA has already awarded him an SSI payment for the period prior to his incarceration.  (Doc. 39 at 2).  Robinson relatedly asserts—as also discussed above—that the "exhaustion requirement must yield" and that the "procedural rules" should be "relax[ed]" as a result of both his SSI award and his "mental condition."  *Id.* at 3.  Even assuming these grounds are cognizable under Rule 60(b)(6), Robinson's allegations do not meet the high standard imposed by that provision.  Simply put, the fact that Robinson is proceeding *pro se*—either with or without the assistance of what seems to be a prison law clerk—does not enable the Court to bend the procedural rules in his favor.  *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation

10

omitted).  This is especially true here given that Robinson continues to insist that he dismissed his lawsuit and failed to exhaust his administrative remedies of his own volition, even if those actions were caused at least in part from misguided information he obtained beforehand.  (Doc. 39 at 3–4).  In sum, Robinson does not show—as he must under Rule 60(b)(6)—that "an extreme and unexpected hardship will result" unless the Court reopens his case.  *Griffin*, 722 F.2d at 680 (internal quotation marks and citation omitted).

Lastly, Robinson alternatively suggests that he timely appealed the SSA's unfavorable determination in June 2018 and that he has since demonstrated good cause for any untimely appeal.  (Doc. 39 at 4–5).  The Commissioner counters that Robinson's submissions "make[ ] plain that [his] administrative action remains pending."  (Doc. 42 at 5).  As before, I find that this issue has not been fully briefed and that the Court need not resolve the matter unless it affords Robinson relief from the final judgment under Rule 60(b).  *See Jackson v. People's Republic of China*, 794 F.2d 1490, 1491 n.3 (11th Cir. 1986) (describing the district court's decision to set aside a judgment pursuant to Rule 60(b) prior to passing on the "ultimate issue of subject matter jurisdiction" as "an appropriate approach").[3]

---

[3] I reach this conclusion even after considering Robinson's unauthorized reply, which—as noted above—largely restates the same arguments he raises in his motion.  *See* (Doc. 43).

III.

In light of all the above, I respectfully recommend that the Court deny Robinson's second motion to reopen his case. (Doc. 39).

Respectfully submitted this 19th day of November 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn Kimball Mizelle, United States District Judge
Counsel of record
*Pro se* Plaintiff